UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JONTE LARON REID, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-923-TLS-JEM |
| SENTURION MEDICAL, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Jonte Laron Reid, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee had not been paid. ECF No. 7. The docket reflects that the fee has now been paid. ECF No. 8. Therefore, the case will proceed to screening.

As required by 28 U.S.C. § 1915A, the Court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Because Reid is proceeding without counsel, the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**BACKGROUND**

Reid is an inmate at Miami Correctional Facility ("MCF"). His complaint stems from events occurring at Indiana State Prison ("ISP"). He claims that in 2022, another inmate set a fire

in his cell. Reid was locked in his own cell at the time and was exposed to the smoke, which caused him breathing difficulties. He was taken to the medical unit, but he claims Dr. Nancy Marthakis and unidentified "medical staff" told him "it was nothing" and that he only needed an asthma inhaler. Compl. 2, ECF No. 2. He claims the problem got worse over a period of two years, but Dr. Marthakis persisted with this course of treatment. Finally, it got to the point that he "could not walk without collapsing" because of his inability to breath. *Id.* Dr. Marthakis and a nurse he identifies as "Roxanna" sent him to an outside hospital for treatment, where he was diagnosed with emphysema and Chronic Obstructive Pulmonary Disease ("COPD"). *Id.*

He claims a doctor at the hospital told him his lung was likely damaged in the fire. The doctor issued an order for him to receive oxygen daily upon his return to the prison, but he claims Dr. Marthakis would not honor this and told him he would not get anything besides "breathing treatments." *Id.* at 3. In July 2024, he was involved in an altercation with a correctional officer who was searching his cell, which aggravated his breathing difficulties. He was taken to the medical unit and told a nurse that the breathing treatments he was receiving were not working. Shortly thereafter he was transferred to MCF. Upon his arrival, he began receiving oxygen and "felt like a car motor was lifted off [his] chest." *Id.* Once he received the oxygen, his symptoms markedly improved. Based on these events, he sues prison medical and correctional staff at MCF, as well as Centurion Medical,[1] which employs medical staff at the prison, seeking monetary damages.

---

[1] He misspells the name as "Senturion," but it is clear he is referring to Centurion Health, which took over medical care at Indiana prisons in July 2021. *See Baldwin v. Westville Corr. Facility*, No. 3:21-CV-682, 2021 WL 5759136, at *2 n.1 (N.D. Ind. Dec. 3, 2021).

## ANALYSIS

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize the need for medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the second prong, deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.* Courts must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (cleaned up). In effect, the Eighth Amendment protects prisoners from "grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Giving Reid the inferences to which he is entitled, he has alleged a serious medical need in connection with his breathing problems, which turned out to be emphysema and COPD. On the second prong, he claims that Dr. Marthakis was dismissive of his problem and only gave him

3

an asthma inhaler for treatment, which caused his condition to worsen over a period of two years. Dr. Marthakis also allegedly refused to allow him oxygen treatments after his release from the hospital in accordance with the instructions of the treating physician, which caused him to suffer needlessly. When he finally received the oxygen, he noticed a marked improvement in his symptoms. He will be permitted to proceed on an Eighth Amendment claim against Dr. Marthakis.[2]

He also sues Nurse Tiffany Turner without explaining exactly what she did, or did not do, with respect to his medical care. It is apparent from what he has alleged that he was under the care of Dr. Marthakis during this period and that the doctor was making decisions about what medication he should receive. There is no indication that Nurse Turner had the authority to prescribe medication or to override Dr. Marthakis' treatment decisions. *See Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 485 (7th Cir. 2022) ("As a general matter, a nurse can, and indeed must, defer to a treating physician's instructions."). Likewise, Nurse Roxanna's only involvement as described in the complaint was to assist in sending him to an outside hospital for treatment. The Court cannot plausibly infer that she exhibited deliberate indifference to a serious medical need. His vague allegations about "medical staff" collectively are insufficient to state a claim against either nurse under notice pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific

---

[2] The Court is cognizant that Reid cannot recall when in 2022 the fire occurred and his breathing difficulties began. His complaint was filed in October 2024, and a claim pertaining to events occurring more than two years prior to that date may be untimely. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Nevertheless, a claim regarding ongoing breathing problems could be timely under the continuing violation doctrine. *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). It is also apparent that at least some of the events pertaining to his care by Dr. Marthakis occurred within the two-year limitation period. Because untimeliness is an affirmative defense, the Court will not explore the matter further at this stage. *Cancer Found., Inc. v. Cerberus Cap. Mgmt.*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissing a complaint as untimely at the pleading stage is warranted only when it is "clear from the face of the . . . complaint" that the case is "hopelessly time-barred").

defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). The two nurses will be dismissed.

He also sues two correctional officers, one of whom appears to have escorted him to the outside hospital for treatment. He claims this officer heard the doctor state that he needed daily oxygen. There is no plausible basis to infer that this correctional officer had the authority to decide whether Reid received oxygen, and as a non-medical staff member he was entitled to defer to trained medical professionals about the appropriate course of treatment. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The other officer appears to have been involved in the altercation with Reid when his cell was being searched. It can be discerned from the complaint that Reid was taken to the medical unit when he began to have breathing difficulties during this incident. He has not included factual content to plausibly suggest that this non-medical employee stood in the way of him receiving care or was otherwise deliberately indifferent to his medical needs.[3] These Defendants will be dismissed.

Finally, he sues Centurion. A private company performing a public function can be held liable under *Monell*, but only if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021) (citing *Monell v. Dep't of Soc.*

---

[3] Although unclear, he may be trying to assert an excessive force claim against the second officer. If he is, an excessive force claim against a correctional officer is not sufficiently related to a claim against a doctor for denial of medical care for a breathing problem to proceed in the same lawsuit. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). He is free to pursue such a claim in a separate lawsuit.

*Servs.*, 436 U.S. 658, 694 (1978). Thus, to allege a viable *Monell* claim, a plaintiff must identify an official corporate policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a [corporate] custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Reid does not allege that an official corporate policy of Centurion caused him injury, nor does he include factual content to plausibly suggest that Centurion has a widespread custom of unconstitutional conduct. At most, he describes an incident of alleged improper treatment by a few individuals involved in his care, which is insufficient to state a *Monell* claim. *Howell*, 987 F.3d at 654. This corporate defendant will be dismissed.

For these reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Dr. Nancy Marthakis in her personal capacity for damages for deliberate indifference to his need for medical care for emphysema and COPD in violation of the Eighth Amendment from 2022 to 2024;

(2) DISMISSES all other claims;

(3) DISMISSES Senturion Medical, Tiffany Turner, Roxanna, Singaltion, and Naz as defendants;

(4) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis at Centurion Health and to send her a copy of this Order and the complaint [ECF No. 2] pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Centurion Health to provide the United States Marshals Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(6) ORDERS Dr. Nancy Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 25, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT